IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JASON JOHN McLAUGHLIN,            ) | |
|        Petitioner,            ) | CIV 10-01142 PHX SRB (MEA) |
|        v.            ) | REPORT AND RECOMMENDATION |
| CHARLES L. RYAN, TERRY GODDARD,   ) | |
|        Respondents.            ) | |
| _____ ) | |

**TO THE HONORABLE SUSAN R. BOLTON:**

       On or about May 26, 2010, Petitioner filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed an amended petition on June 25, 2010. Doc. 4. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 12 & Doc. 13) on September 27, 2010. Petitioner has not filed a reply to the answer to his petition.

**I Procedural History**

       On January 6, 2003, a Maricopa County grand jury returned an indictment charging Petitioner with six counts related to possession and sale of heroin, methamphetamine, cocaine, and marijuana. See Answer, Exh. A. The state subsequently amended the indictment to allege historical prior convictions, multiple offenses not committed on the same occasion, and commission of offenses while released from

confinement.  Id., Exh. B.

Petitioner signed a written plea agreement on April 8, 2003, regarding the charges stated in the indictment returned January 6, 2003.  The agreement provided Petitioner would plead guilty to three counts of the indictment, i.e., one count of selling narcotic drugs, a class 4 felony, one count of selling dangerous drugs, a class 2 felony, and one count of selling marijuana, a class 3 felony.  Id., Exh. C.  The plea agreement provided the other counts of the indictment would be dismissed.

On May 13, 2003, the trial court sentenced Petitioner to concurrent terms of four years probation with regard to each of the three counts of conviction, the terms of probation to begin that date.  Id., Exh. D.  Petitioner received oral and written notice of his rights to review.  Id., Exh. E.

At a hearing conducted June 27, 2005, the state alleged that Petitioner had violated the terms and conditions of his probation.  Id., Exh. F.  A revocation hearing convened on June 27, 2005.  Id., Exh. F.  On October 12, 2005, the trial court reinstated Petitioner to a term of four years probation pursuant to his conviction for sale of dangerous drugs, sale of narcotic drugs, and sale of marijuana.  The reinstated probation was to commence upon the conclusion of a sentence of incarceration for a separate offense which Petitioner was then serving.  Id., Exh. G.  Petitioner was again issued written notice of his rights to review of this decision.  Id., Exh. H.

On January 31, 2008, following a second revocation proceeding, Petitioner was again reinstated to a term of four

1 years probation, to date from August 2, 2007.  Id., Exh. I.
2 Petitioner was again issued written notice of his rights to
3 review.  Id., Exh. J.

4             On January 13, 2009, following a third revocation
5 proceeding, the state trial court revoked Petitioner's probation
6 on each of the three original counts of conviction, based on a
7 finding Petitioner had violated his probation by using heroin.
8 Id., Exh. K & Exh. N.  Having found Petitioner had violated the
9 terms of his probation, the state trial court imposed concurrent
10 terms of imprisonment on each of the three counts of conviction,
11 the longest of which was a term of four years.  Id., Exh. K.
12 Petitioner was given credit for time served.  Id., Exh. K.
13 Petitioner was again issued written notice of his rights to
14 review.  Id., Exh. L.

15             On January 28, 2009, Petitioner filed a pro se notice
16 of appeal, seeking review of the trial court's revocation of
17 probation.  Id., Exh. M.  On May 27, 2009, Petitioner's
18 appointed counsel in his direct appeal filed an Anders brief,
19 asserting counsel could find no meritorious argument to raise on
20 Petitioner's behalf.  Id., Exh. N.  Petitioner filed a pro se
21 brief in his direct appeal, asserting: "I looked at the A.R.S.
22 code on entrapment and this case meets all three conditions of
23 that code."  Id., Exh. O.

24             On October 20, 2009, the Arizona Court of Appeals
25 affirmed the trial court's finding that Petitioner had violated
26 his probation and also affirmed the sentences of imprisonment
27 imposed by the trial court.  Id., Exh. P.  The appellate court

construed Petitioner's supplemental brief liberally, noting that it was unclear if Petitioner was asserting he was entrapped in 2002 and 2003 or if he was asserting he was entrapped with regard to the charge giving rise to the revocation of probation. The appellate court noted the fact that Petitioner admitted using illegal opiates during his probation revocation proceedings. The state Court of Appeals also noted Petitioner admitted using illegal opiates during the 2003 criminal proceedings resulting in a plea agreement. Id., Exh. P at 3-4.

With regards to Petitioner's underlying 2003 convictions, the Arizona Court of Appeals ruled that the waiver principle applied to defeat relief on this claim because the issue was raised for the first time on appeal and because Petitioner's guilty plea waived the defense of entrapment. Id., Exh. P at 4-5. The Court of Appeals alternatively held that Petitioner could not satisfy all the elements of the defense of entrapment because the underlying convictions resulted from successful attempts by undercover police officers to purchase illicit drugs from Petitioner. Id., Exh. P at 6. The appellate court found that there was no evidence to suggest that Petitioner was not predisposed to selling drugs but for undercover officers acting as buyers. Id., Exh. P at 6.

With regards to the probation violation matter, the Court of Appeals ruled that the waiver principle applied to the claim of entrapment because the issue was raised for the first time on appeal. Id., Exh. P at 4. Addressing the merits of Petitioner's claim, the appellate court held that the defense of

entrapment was inapplicable because at issue was Petitioner's voluntary written admission of a probation violation, rather than his guilt of a criminal charge.  Id., Exh. P at 5. Nonetheless, the Court of Appeals assumed that, even if entrapment applied to the proceedings, there was no evidence that the idea of committing the probation-violating-offense, i.e., using heroin, originated with anyone other than Petitioner.  Id., Exh. P at 5.

Petitioner filed a motion for reconsideration of the Arizona Court of Appeals' decision denying relief in his direct appeal.  The Arizona Court of Appeals denied Petitioner's motion for reconsideration.  Id., Exh. Q.  On April 20, 2010, the Arizona Supreme Court denied Petitioner's petition for review of the Court of Appeals' decision.  Id., Exh. S.

On March 5, 2009, prior to the date the Arizona Supreme Court denied review in his direct appeal, Petitioner initiated an action for state post-conviction relief pursuant to Rule 32, Arizona Rules of Criminal Procedure.  Id., Exh. U.  Petitioner was appointed counsel to represent him in these proceedings. Id., Exh. U.  Petitioner argued that his attorney in his probation revocation proceedings was ineffective because counsel failed to argue for Petitioner's reinstatement to probation. Id., Exh. U.

On May 14, 2010, the state trial court denied relief in Petitioner's Rule 32 action.  Id., Exh. V.  The trial court concluded Petitioner had failed to establish a colorable claim of ineffective assistance of trial counsel because he had not

shown that counsel erred or that any error was prejudicial. In the context of prejudice, the state court noted state law had required the trial court to impose a term of imprisonment for Petitioner's commission of a felony while on intensive probation. Id., Exh. V.

On June 25, 2010, Petitioner filed a petition for a writ of habeas corpus. Petitioner asserts he was denied his right to the effective assistance of counsel because "Counsel did not present the issue that the State pursued a case of entrapment."

## II Analysis

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposed a one-year statute of limitations on state prisoners seeking federal habeas relief from their state convictions. See, e.g., Espinoza Matthews v. California, 432 F.3d 1021, 1025 (9th Cir. 2005); Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). The statute of limitations with regard to Petitioner's 2003 convictions expired in 2004 or 2005. Accordingly, The federal habeas petition is not timely with regard to Petitioner's original convictions, but the petition appears to be timely with regard to the revocation of probation.

Petitioner properly exhausted a federal habeas claim that he was denied the ineffective assistance of counsel in his probation revocation proceedings. See, e.g., Baldwin v. Reese, 541 U.S. 27, 29-30, 124 S. Ct. 1347, 1349-50 (2004); Robinson v. Schriro, 595 F.3d 1096, 1100-01 (9th Cir.), cert. denied sub nom., Ryan v. Robinson, 79 U.S.L.W. 3054 (U.S. Nov 08, 2010)

(No. 10-34); <u>Scott v. Schriro</u>, 567 F.3d 573, 582 (9th Cir.), <u>cert. denied</u>, 130 S. Ct. 1014 (2009). Petitioner also arguably properly exhausted a claim that he was "entrapped" with regard to the activity resulting in the revocation of probation. Petitioner is not entitled to federal habeas relief on these claims because the state court's decision that Petitioner's rights were not violated is not clearly contrary to, nor an unreasonable application of federal law. <u>See</u> <u>See</u> 28 U.S.C. § 2254(d) (1994 & Supp. 2010); <u>Carey v. Musladin</u>, 549 U.S. 70, 75, 127 S. Ct. 649, 653 (2006); <u>Musladin v. Lamarque</u>, 555 F.3d 834, 838 (9th Cir. 2009). In the context of habeas review, the factual findings of a state court are presumed to be correct and can be reversed by a federal habeas court only when the federal court is presented with clear and convincing evidence. <u>See</u> <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240-41, 125 S. Ct. 2317, 2325 (2005); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340, 123 S. Ct. 1029, 1041 (2003); <u>Maxwell v. Roe</u>, 606 F.3d 561, 567-68 (9th Cir. 2010); <u>Stenson v. Lambert</u>, 504 F.3d 873, 881 (9th Cir. 2007), <u>cert. denied</u>, 129 S. Ct. 247 (2008). The "presumption of correctness is equally applicable when a state appellate court, as opposed to a state trial court, makes the finding of fact." <u>Sumner v. Mata</u>, 455 U.S. 591, 593, 102 S. Ct. 1303, 1304-05 (1982). <u>See also</u> <u>Vasquez v. Kirkland</u>, 572 F.3d 1029, 1031 n.1 (9th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 1086 (2010).

Petitioner is not entitled to federal habeas relief on the basis of a claim that the performance of his counsel during his revocation proceedings was unconstitutionally ineffective.

1  In Petitioner's direct appeal regarding his probation revocation
2  and resulting sentence of imprisonment, the state appellate
3  court held that the defense of entrapment was inapplicable
4  because at issue was Petitioner's voluntary written admission of
5  a probation violation, rather than his guilt of a criminal
6  charge.  See Answer, Exh. P at 5.  Nonetheless, the Court of
7  Appeals assumed that, even if entrapment applied to the
8  proceedings, there was no evidence that the idea of committing
9  the probation-violating-offense, i.e., using heroin, originated
10 with anyone other than Petitioner.  Id., Exh. P at 5.

11         On May 14, 2010, the state trial court denied relief in
12 Petitioner's Rule 32 action.  The trial court concluded
13 Petitioner had failed to establish a colorable claim of
14 ineffective assistance of trial counsel because he had not shown
15 that counsel erred or that any error was prejudicial.  In the
16 context of prejudice, the state court noted state law had
17 required the trial court to impose a term of imprisonment for
18 Petitioner's commission of a felony while on intensive
19 probation.

20         To state a claim for ineffective assistance of counsel,
21 a petitioner must show that his attorney's performance was
22 deficient and that the deficiency prejudiced the petitioner's
23 defense.  See Strickland v. Washington, 466 U.S. 668, 687, 104
24 S. Ct. 2052, 2064 (1984).  The petitioner must overcome the
25 strong presumption that counsel's conduct was within the range
26 of reasonable professional assistance required of attorneys in
27 that circumstance.  See id., 466 U.S. at 687, 104 S. Ct. at

-8-

2064.  To establish prejudice, the petitioner must establish that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.  See also, e.g., Martin v. Grosshans, 424 F.3d 588, 592 (7th Cir. 2005).  Additionally, prejudice from counsel's allegedly deficient performance is less likely when the case against the defendant is strong.  See, e.g., Avila v. Galaza, 297 F.3d 911, 924 (9th Cir. 2002) (collecting the cases so holding).

        To prevail on the merits of a habeas claim of ineffective assistance of counsel, it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner.  "An unreasonable application of federal law is different from an incorrect application of federal law."  Woodford, 537 U.S. at 25, 123 S. Ct. at 360 (internal quotations omitted).  Vague or conclusory claims do not establish evidence sufficient to conclude the state court's decision was clearly contrary to federal law.  See Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).  Additionally, defense counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  Strickland, 466 U.S.

1  at 690-91, 104 S. Ct. at 2066.

> Under AEDPA, we apply Strickland to each individual case, irrespective of whether the precise fact pattern at issue has been considered previously by the Supreme Court. See Williams, 529 U.S. at 391, 120 S. Ct. 1495 (That the Strickland test "of necessity requires a case-by-case examination of the evidence ... obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established' by this Court."). "[B]ecause the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard ." Knowles v. Mirzayance, --- U.S. ----, 129 S. Ct. 1411, 1420, [] (2009) []. We do not, however, afford the state courts a blank check to determine, at their whim, whether an attorney's conduct was reasonable or unreasonable...

Richter v. Hickman, 578 F.3d 944, 951-52 (9th Cir. 2009).

The Arizona courts twice considered that Petitioner was not entitled to defense of entrapment. The District Court is obliged to accept the Arizona courts' determination that Petitioner was not prejudiced by the alleged failure to raise the issue in either his criminal proceedings or his revocation proceedings. Accordingly, because Petitioner was not prejudiced by the alleged error in failing to present an entrapment defense, Petitioner was not deprived of his Sixth Amendment right to the effective assistance of counsel and is not entitled to habeas relief on this claim.

**III Conclusion**

Petitioner's federal habeas petition is not timely filed with regard to his initial convictions and sentences. To the extent Petitioner asserts that he was denied his right to

the effective assistance of counsel during his probation revocation proceedings, the petition may be denied on the merits of the claim.

**IT IS THEREFORE RECOMMENDED** that Mr. McLaughlin's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to timely file

objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

Pursuant to 28 U.S.C. foll. § 2254, R. 11, the District Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The undersigned recommends that, should the Report and Recommendation be adopted and, should Petitioner seek a certificate of appealability, a certificate of appealability should be denied because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C.A § 2253(c)(2).

DATED this 3rd day of December, 2010.

_____
Mark E. Aspey
United States Magistrate Judge